

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

*1007 Orange Street, Suite 700*
*P.O. Box 2046*                            *(302) 573-6277*
*Wilmington, Delaware 19899-2046*          *FAX (302) 573-6220*

May 22, 2007

**BY CM/ECF**

Honorable Sue L. Robinson
United States District Court
J. Caleb Boggs Federal Building
844 King Street
Wilmington, DE 19801

   Re:  **United States v. Santiago, Criminal Action No. 07-14-SLR**

Dear Chief Judge Robinson:

  Enclosed please find a proposed Memorandum of Plea Agreement. A proposed form of order setting the Rule 11 hearing is enclosed for the Court's convenience.

                Respectfully submitted,

                COLM F. CONNOLLY
                United States Attorney

            BY: _____
                Douglas E. McCann
                Assistant United States Attorney

Enclosure

cc:  Dr. Peter T. Dalleo (By CM/ECF w/ enclosure)
    Edson Bostic, Esquire (By CM/ECF w/enclosure)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
| )| |
| Plaintiff,        ) | |
| ) | |
| v.        ) | Criminal Action No. 07-14 SLR |
| ) | |
| RAFAEL SANTIAGO,        ) | |
| ) | |
| Defendant.        ) | |

**ORDER**

At Wilmington, this ___ day of May, 2007, having been advised by counsel that the defendant intends to enter a plea of guilty in the above-captioned case,

**IT IS ORDERED** that a plea hearing is scheduled for Wednesday, June 27, 2007 at 8:30 a.m., in courtroom 6B, on the sixth floor of the J. Caleb Boggs, Federal Building, 844 King Street, Wilmington, Delaware.

Counsel for the defendant having advised the Court that he is unable to attend a plea hearing until the week of June 26, 2007, and the Court finding that a short continuance to accommodate defense counsel and the possibility of a pre-trial disposition of the case outweighing the interest of the public and the defendant in a speedy trial, **IT IS FURTHER ORDERED** that the time from the date of this Order until June 27, 2007, is excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(8)(A), in the interests of justice.

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Criminal Action No. 07-14 SLR |
| ) | |
| RAFAEL SANTIAGO, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Douglas E. McCann, Assistant United States Attorney for the District of Delaware, and the defendant, Rafael Santiago, by and through his attorney, Edson A. Bostic, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count I of the Indictment. Count I charges him with knowingly distributing, and possessing with intent to distribute, cocaine, a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C). The maximum penalties for Count I of the Indictment are twenty years imprisonment, a fine of $1,000,000, lifetime supervised release with a minimum of three years of supervised release, and a $100 special assessment.

2. The defendant understands that if there were a trial, the United States would have to prove beyond a reasonable doubt the elements of the offenses to which he is pleading guilty, that is, (1) on or about April 17, 2006, the defendant possessed with intent to distribute, and distributed,

a substance; (2) the substance contained a detectable amount of cocaine; and (3) the defendant acted knowingly, that is, he knew that he possessed with intent to distribute, and distributed, a controlled substance.

3. The defendant knowingly, voluntarily and intelligently admits that on or about April 17, 2006, he distributed what he knew to be approximately 500 grams of cocaine to another person. The defendant further knowingly, voluntarily and intelligently admits that on June 15, 2006, he again distributed what he knew to be approximately 500 grams of cocaine to that same person.

4. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

5. Provided that the United States Attorney does not learn of conduct inconsistent with acceptance of responsibility, the United States will recommend a three-level reduction in the

offense level for the charge above for the defendant's affirmative acceptance of responsibility under Sentencing Guideline § 3E1.1. The United States makes this recommendation because the defendant has timely notified authorities of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

6. The defendant agrees to pay the $100 special assessment the day of sentencing. Should he fail to do so, the Defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

7. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

8. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations,

and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY<br>
United States Attorney

_____  By:_____
Edson A. Bostic, Esquire        Douglas E. McCann
Attorney for Defendant          Assistant United States Attorney


_____
Rafael Santiago
Defendant

Dated:

**AND NOW**, this _____ day of _____, 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
Sue L. Robinson
United States District Judge

4